UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                               :

In re:                                          :          Chapter 11

AGT CRUNCH ACQUISITION LLC, et al.,     :          Bankr. Case No. 09-12889 (REG)

                         Debtors.[1]      :          Jointly Administered
-------------------------------------------------------------X

**FINAL ORDER APPROVING (I) THE DEBTORS' CONTINUED
USE OF THEIR CASH MANAGEMENT SYSTEM, (II) THE DEBTORS'
CONTINUED USE OF EXISTING BANK ACCOUNTS, CHECKS, AND BUSINESS
FORMS, AND (III) GRANTING THE DEBTORS A WAIVER OF THE BOND
REQUIREMENT CONTAINED IN SECTION 345(B) OF THE BANKRUPTCY CODE**

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an order approving (i) the Debtors' continued use of their Cash Management System; (ii) the Debtors' continued use of existing bank accounts, checks, and business forms; and (iii) granting the Debtors a waiver of the bond requirement contained in section 345(b) of the Bankruptcy Code; and jurisdiction existing for the Court to consider the Motion; and after due deliberation thereon; and the Court having found that good and sufficient cause exists for granting the Motion; and upon consideration of the Declaration of Michael Jacobs in Support of First Day Motions, and the files and records in these cases; and upon the arguments and statements in support of the Motion presented at the hearing before the Court; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in

---

[1] The Debtors in these cases are: AGT Crunch Acquisition LLC, Sports & Fitness Ventures LLC, AGT Crunch Services LLC, Crunch CFI LLC, AGT Crunch Atlanta LLC, Crunch CFI Georgia, LLC, Crunch CFI Atlanta, LLC, AGT Crunch Chicago LLC, Crunch CFI GW, LLC, AGT Crunch Los Angeles LLC, AGT Union Street LLC, AGT Crunch Miami LLC, AGT Crunch New York LLC, Fort Greene Sports Club, LLC, Hauppauge Sports Club, LLC, Crunch CFI New York, LLC, Park Slope Sports Club, LLC, 113 4th Sports Club, LLC, AGT Crunch San Francisco LLC, Crunch CFI San Francisco, LLC, AGT Crunch Washington DC LLC, and The Silver Springs Sports Club, L.L.C.

interest; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases and that no further or other notice need be given; it is hereby;

ORDERED that the Motion is granted on a final basis; and it is further

ORDERED that, subject to the provisions of any further Court order or Court-approved financing or other agreement, the Debtors are authorized and empowered: (i) to designate, maintain, and continue to use all of the Bank Accounts with existing names and account numbers; (ii) to treat the Bank Accounts for all purposes as accounts of the Debtors, in their capacities as debtors in possession; and (iii) to deposit or cause funds to be deposited in or withdrawn from the Bank Accounts by all usual means including, without limitation, checks, wire transfers, electronic funds and automatic transfers, direct debits, and other debits; and it is further

ORDERED that, subject to the provisions of any further Court order or Court-approved financing or other agreement, the Banks are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors, in their capacities as debtors in possession, without interruption and in the usual and ordinary course, and to receive, process, honor, and pay to the extent of available funds in the Bank Accounts any and all checks and drafts issued on the Bank Accounts postpetition, to the extent authorized by the Bankruptcy Code or Court order; and it is further

ORDERED that all outstanding checks and drafts issued prepetition shall be stopped, except as allowed by any order of this Court; and it is further

ORDERED that, subject to the provisions of any further Court order or Court-approved financing or other agreement, and except as provided below, the Banks are enjoined

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

from offsetting, affecting, or otherwise impeding any funds of the Debtors deposited by, or on behalf of, the Debtors in the Bank Accounts, on account or by reason of any "claim" (as such term is defined in section 101(5) of the Bankruptcy Code); provided that (i) such rights of offset or similar rights shall be deemed preserved for all purposes in these cases and not waived or impaired despite the release of any such funds by the Banks pursuant to this Order, and (ii) the Banks shall be deemed to hold an allowed secured claim on the Debtors' cash under section 506(b) of the Bankruptcy Code to the extent of any such setoff or similar right; and it is further

ORDERED that, subject to the provisions of any further Court order or Court-approved financing or other agreement, (i) Global Payments, Inc. ("Global"), North American Bancard, Inc. ("NAB"), and American Express Federal Savings Bank (collectively with Global and NAB, the "Credit Card Processors") and (ii) the Banks are each entitled to receive payment of both prepetition and postpetition service and other fees, costs, charges, and expenses to which they may be entitled under the terms of and in accordance with their contractual arrangements with the Debtors with respect to the Bank Accounts; and it is further

ORDERED that, subject to the provisions of any further Court order or Court-approved financing or other agreement, the Banks shall be permitted to charge back returned items, such as prepetition checks returned as unpaid, against amounts on deposit in the Bank Accounts, regardless of whether such amounts were deposited before or after the Petition Date and regardless of whether the returned checks relate to prepetition or postpetition items; and it is further

ORDERED that, subject to the provisions of any further Court order or Court-approved financing or other agreement, the Credit Card Processors shall be permitted to charge backs (provided such charge backs are handled in accordance with prior practice and procedure)

against amounts on deposit in the Bank Accounts, regardless of whether such amounts were deposited before or after the Petition Date and regardless of whether the charge backs relate to prepetition or postpetition items; and it is further

ORDERED that, that the pre-petition status quo among the Debtors and the Credit Card Processors shall be maintained post-petition, provided however that nothing in this Order shall alter, amend or modify any of the contracts governing the relationship between or among the Debtors and the Credit Card Processors, nor prejudice the right of the Credit Card Processors to seek relief from the Court seeking to enforce their rights, or pursue their remedies, under the MSA and/or applicable law, and the right of the Debtors to oppose such relief; and it is further

ORDERED that, subject to the provisions of any further Court order or Court-approved financing or other agreement, this Order is without prejudice to the Debtors' rights (i) to close any of the Bank Accounts and (ii) to open accounts other than the Bank Accounts (without having to designate such accounts as "debtor in possession" accounts); and it is further

ORDERED that any requirement that the Debtors open new bank accounts is waived; and it is further

ORDERED that, subject to the provisions of any further Court order or Court-approved financing or other agreement, the Debtors are authorized and empowered to continue to manage their cash in the ordinary course of business in the same manner they had prior to the Petition Date; and it is further

ORDERED that, subject to the provisions of any further Court order or Court-approved financing or other agreement, the Debtors are authorized and empowered to continue to use their Cash Management System, including engaging in ordinary course intercompany transactions; and it is further

ORDERED that the Debtors are authorized to continue to use their existing correspondence and business forms, checks, and documents related to the Bank Accounts; and it is further

ORDERED that the Debtors shall use the "Debtor in Possession" designation and corresponding bankruptcy case numbers on any checks that they reorder postpetition; and it is further

ORDERED that the Debtors have 60 days from the Petition Date to comply with the investment and deposit requirements imposed under section 345 of the Bankruptcy Code unless the Court enters an order waiving compliance with such requirements; and it is further

ORDERED that the Debtors shall serve a copy of this Order on the Banks and the Credit Card Processors within three (3) business days of the entry of this Order on the docket of this Court; and it is further

ORDERED that such service shall constitute notice by the Debtors to the Banks to designate the Bank Accounts as debtor in possession accounts; and it is further

ORDERED that the terms and conditions of this Order shall be immediately enforceable and effective upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: *June 1, 2009*
New York, New York

*S/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE