UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:  Chapter 11

AGT WIND DOWN ACQUISITION LLC, *et al*.,  Case No. 09-12889 (REG)

                             Debtors.  (Jointly Administered)
----------------------------------------------------------------x

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RELATING TO, AND ORDER CONFIRMING, FIRST MODIFIED
PLAN OF LIQUIDATION OF AGT WIND DOWN
ACQUISITION, LLC, ET AL. UNDER CHAPTER 11 OF THE
<u>BANKRUPTCY CODE AND GRANTING RELATED RELIEF</u>**

WHEREAS, on March 18, 2010, this Court entered an order [ECF Doc. No. 651] (the "Disclosure Statement Approval Order")[1] approving the Disclosure Statement of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors")[2] with respect to the First Modified Joint Plan of Liquidation on behalf of AGT Wind Down Acquisition LLC., *et al.,* dated March 17, 2010 (as it may be further amended or supplemented, the "Plan") [ECF Doc. No. 650], under chapter 11 of title 11, United States Code (the "Bankruptcy Code"), and fixing the date for the hearing to consider confirmation of the Plan, and establishing certain procedures for soliciting and tabulating votes with respect to the Plan; and

WHEREAS, the Debtors through their claims and noticing agent filed several affidavits of service [ECF Doc. Nos. 657, 658, 659, 660, 661 and 662] (the "Plan Mailing Affidavits"), verifying that, in accordance with (i) the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (ii) the Local Bankruptcy Rules for the United States Bankruptcy Court for Southern District of New York (the "Local Bankruptcy Rules") and (iii) the Disclosure Statement Approval Order:

i) On April 1, 2010, the Debtors served by first class mail, postage prepaid, on the parties holding Class 2A and Class 3, Administrative Claims, Priority Tax Claims and Secured Claim of CH Fitness: (a) the Notice of Hearing to Confirm Plan of Liquidation; (b) the Disclosure Statement; (c) the Plan; (d) the Ballots; (e) the order of the Court approving the Disclosure Statement; and, (f) a solicitation letter signed by Committee Counsel; (the "Solicitation Materials"); and

ii) On April 1, 2010, the Debtors served by first class mail, postage prepaid, on the parties holding Class 1 and Class 2B Claims (a) notice of the filing of the Disclosure Statement and the Plan; (b) notice of the Court's approval of the Disclosure Statement; (c) information regarding the Confirmation Hearing; (d) detailed instructions for filing objections to confirmation of the Plan by the Confirmation Objection Deadline; and (e) information about how any such claimant may receive a copy of the Plan and Disclosure Statement; and

iii) On April 1, 2010, the Debtors served by first class mail, postage prepaid, on the parties holding Class 4 Claims a Solicitation Package which included, in lieu of a Ballot, a notice of non-voting status.

(collectively, with the Solicitation Materials, the "Solicitation Packages"); and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or in the Disclosure Statement.

[2] The Debtors in these cases are: AGT Acquisition Wind Down LLC, Sports & Fitness Ventures LLC, AGT Services Wind Down LLC, CFI Wind Down, LLC, AGT Atlanta Wind Down LLC, CFI Georgia Wind Down, LLC, CFI Atlanta Wind Down, LLC, AGT Crunch Chicago LLC, Crunch CFI GW, LLC, AGT Los Angeles Wind Down LLC, AGT Union Street LLC, AGT Miami Wind Down LLC, AGT New York Wind Down LLC, Fort Greene Sports Club, LLC, Hauppauge Sports Club, LLC, CFI New York Wind Down, LLC, Park Slope Sports Club, LLC, 113 4th Sports Club, LLC, AGT San Francisco Wind Down LLC, CFI San Francisco Wind Down, LLC, AGT Washington D.C. Wind Down LLC, and The Silver Springs Sports Club, L.L.C.

WHEREAS, on July 9, 2010, the counsel to the Official Committee of Unsecured Creditors (the "Committee") filed the "Declaration Regarding Voting On and Tabulation of Ballots Accepting and Rejecting the First Amended Joint Plan of Liquidation of AGT Wind Down Acquisition LLC, *et al.*" (the "Certification of Ballots"); and

WHEREAS, no formal objections to confirmation of the Plan were filed; and

WHEREAS, the United States Trustee has not objected to confirmation of the Plan; and

WHEREAS, pursuant to Bankruptcy Code section 1128(a), this Court held a hearing on July 15, 2010 (the "Confirmation Hearing") to consider confirmation of the Plan.

NOW, THEREFORE, based upon this Court's review of the affidavits, reports, and various certificates of service previously filed with this Court, including the Plan Mailing Affidavits and the Certification of Ballots; and upon all of the evidence proffered or adduced, and arguments of counsel made, at the Confirmation Hearing; and after due deliberation, and upon the entire record of these chapter 11 cases;

**FACTS AND CONCLUSIONS OF LAW**

**IT IS HEREBY FOUND AND DETERMINED by this Court that:[3]**

A.  Core Proceeding (28 U.S.C. § 157(b)(2))

This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

B.  Transmittal and Mailing of Materials; Notice

The (a) Disclosure Statement Approval Order, which gave notice of the (1) approval of the Disclosure Statement, (2) hearing on confirmation of the Plan, (3) deadline and procedures for filing objections to confirmation of the Plan, (4) deadline and procedures for temporary allowance of claims for voting purposes, (5) treatment of certain unliquidated contingent or disputed Claims for notice, voting, and distribution purposes, (6) Voting Record Date, (7) approval of the Notice of Confirmation Hearing, (8) approval of the Solicitation Packages, (9) approval of the Ballots, (10) Voting Deadline, and (11) approval of procedures for tabulation of votes; (b) the Disclosure Statement; and (c) the Plan; and, as applicable, the Ballots were transmitted and served in compliance with the Bankruptcy Rules, the Local Bankruptcy Rules, and the Disclosure Statement Approval Order, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and other bar dates and hearings described in the Disclosure Statement Approval Order was given in compliance with the Bankruptcy Rules, the Local Bankruptcy Rules, and the Disclosure Statement Approval Order, and no further notice is required. The solicitation of votes was made in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and all other rules, laws, and regulations.

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact where appropriate.

C. <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>

Article IV of the Plan adequately and properly identifies and classifies all Claims and Equity Interests. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(1) and, as required by Bankruptcy Rule 3016(a), is dated and specifically identifies the Debtors and the Committee as the proponents of the Plan.

(a) <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>. Article IV of the Plan adequately and properly identifies and classifies all Claims and Equity Interests. The Plan designates three (3) Classes of Claims and one (1) Class of Equity Interests. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in each such Class, and such classification therefore satisfies Bankruptcy Code section 1122. Valid business and legal reasons exist for the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Equity Interests. Thus, the Plan satisfies Bankruptcy Code section 1123(a)(1).

(b) <u>Specified Treatment of Unimpaired Class (11 U.S.C. § 1123(a)(2))</u>. The Plan specifies that Classes 1 and 2B are not impaired under the Plan, thereby satisfying Bankruptcy Code section 1123(a)(2).

(c) <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. The Plan specifies the Classes of Claims and Equity Interests which are impaired and the treatment of the impaired Classes (Classes 2A, 3 and 4) in Articles IV and V of the Plan, thereby satisfying Bankruptcy Code section 1123(a)(3).

(d) <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. Except as described herein, Articles IV and V of the Plan provides for the same treatment for each Claim or Equity Interests in each respective Class unless the holder of a particular Class or Equity Interests has agreed to a less favorable treatment of such Claim or Equity Interests, thereby satisfying Bankruptcy Code section 1123(a)(4).

(e) <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>. Articles VI and VIII of the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying Bankruptcy Code section 1123(a)(5).

(f) <u>Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. Because the Plan provides for the liquidation of each Debtors entity, this provision is not applicable to the Plan.

(g) <u>Selection of Officers, Directors, and Liquidating Trustee (11 U.S.C. § 1123(a)(7))</u>. Upon the Effective Date of the Plan, all current directors and officers of the Debtors shall be relieved of all their positions and corresponding duties and obligations. On the Effective Date, Marianne O'Toole will become the Distribution Agent. The Distribution Agent was selected by the Committee. The Distribution Agent shall be considered a successor to the Debtors and/or an estate representative appointed pursuant to Bankruptcy Code section 1123, and the Distribution Agent shall have all of the powers, authority and responsibilities specified in

the Plan.  The appointment of the Distribution Agent is consistent with the interests of creditors and with public policy and, thus, satisfies Bankruptcy Code section 1123(a)(7).

   D.  Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))

  The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2):

   (a)  The Debtors are proper debtors under Bankruptcy Code section 109.

   (b)  On May 6, 2009, the Debtors filed voluntary chapter 11 petitions pursuant to Bankruptcy Code section 301.

   (c)  This Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. § 1334.

   (d)  Venue of these Chapter 11 Cases is proper in this district pursuant to 28 U.S.C. § 1408.

   (e)  The Committee and the Debtors are proper proponents of the Plan pursuant to Bankruptcy Code section 1121(a).

   (f)  The Debtors and the Committee, as the proponents of the Plan, complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Approval Order in transmitting the Solicitation Packages and notices and in soliciting and tabulating votes on the Plan.

   E.  Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))

  The Debtors and the Committee have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3).

   F.  Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))

  Any payment made or to be made by the Debtors, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

   G.  Directors, Officers, and Trustees (11 U.S.C. § 1129(a)(5))

  Because the Plan provides for the liquidation of the Debtors, Bankruptcy Code section 1129(a)(5) is not applicable to the Plan.  The Debtors have disclosed the identity and affiliations of the individual proposed to serve, after confirmation of the Plan, as the Distribution Agent, and her appointment to such office is consistent with the interests of creditors and with public policy.

H.  No Rate Changes (11 U.S.C. § 1129(a)(6))

The Debtors have not operated in a regulated industry, and, accordingly, Bankruptcy Code section 1129(a)(6) is not applicable to the Plan.

I.  Best Interests of Creditors Test (11 U.S.C.§ 1129(a)(7))

The Plan satisfies Bankruptcy Code section 1129(a)(7) as set forth below.

(a)  The statements regarding potential liquidation of the Debtors under chapter 7 of the Bankruptcy Code contained in the Disclosure Statement and in other evidence presented at the Confirmation Hearing have not been controverted by other evidence.

(b)  Each holder of a Claim or Equity Interests in each impaired Class either has accepted the Plan or will likely receive or retain under the Plan on account of such Claim or Equity Interests property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. No Class has made an election under Bankruptcy Code section 1111(b)(2).

J.  Non-acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))

Classes 2A and 3 are impaired, and because no distributions will be made to the holders of Class 4 Equity Interests, nor will such holders retain any property, such holders are deemed to have rejected the Plan. Because not all impaired Classes of Claims or Equity Interests have accepted the Plan, the requirements of Bankruptcy Code section 1129(a)(8) have not been met, thus requiring resort to Bankruptcy Code section 1129(b).

K.  Treatment of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9))

The treatment of Administrative Expense Claims, Priority Tax Claims, and Priority Non-Tax Claims under Sections 4.01, 4.02, 4.03 and 4.04 of the Plan, respectively, satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (B), and the treatment of Priority Tax Claims under Section 4.02 of the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9)(C).

L.  Acceptance by Impaired Classes (11 U.S.C. § 1129 (a)(10))

At least one Class of Claims that is impaired under the Plan has accepted the Plan, as determined without including any acceptance of the Plan by any insider of the Debtors holding a Claim in such Class, thereby satisfying Bankruptcy Code section 1129(a)(10).

M.  Feasibility (11 U.S.C. § 1129(a)(11))

The feasibility requirement of Bankruptcy Code section 1129(a)(11) is satisfied because the Plan provides for the liquidation of the Debtors. Based on the reliable and credible evidence presented at the Confirmation Hearing, the Distribution Agent will be able to make or cause to

be made, the distributions required under the Plan, and it will be able to perform its obligations under the Plan following the Confirmation Date and the Effective Date.

N. Payment of Fees (11 U.S.C. § 1129(a)(12))

All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 4.06 of the Plan, thereby satisfying Bankruptcy Code section 1129(a)(12).

O. Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))

Because the Debtors never maintained a plan providing retiree benefits, as that term is defined in Bankruptcy Code section 1114, Bankruptcy Code section 1129(a)(13) is not applicable to the Plan.

P. Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))

Class 4 is an impaired Class of Equity Interests that is deemed to have rejected the Plan pursuant to Bankruptcy Code section 1126(g). This is the only Class that has not accepted, or is deemed not to have accepted, the Plan. Pursuant to Bankruptcy Code section 1129(b), this Court finds that the Plan does not discriminate unfairly, and is fair and equitable, with respect to Class 4. Specifically, (a) with respect to Class 4, the holder of any Claim or Equity Interests that is junior to the Equity Interests of Class 4 will not receive or retain any property under the Plan on account of such Equity Interests, and (b) the Equity Interests in Class 4 have no value. Thus, the Plan satisfies the requirements of Bankruptcy Code section 1129(b) as to Class 4.

Q. Principal Purpose of Plan (11 U.S.C. § 1129(d))

The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, as amended (15 U.S.C. § 77e), and no governmental unit has requested that this Court not confirm the Plan for this reason. Therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(d).

R. Objections

All objections to the confirmation of the Plan filed with this Court have been withdrawn, settled or overruled.

S. Non-Material Modifications

The modifications of the Plan (the "Modifications") described in Section 24 hereof, and as further described at the Confirmation Hearing, do not constitute material modifications of the Plan, will not alter the economic effect of any of the distributions provided for in the Plan, and, accordingly, do not require a re-solicitations of votes with respect to the Plan, and hereby are approved in their entirety.

T.  Good Faith Solicitation (11 U.S.C. § 1125(e))

The Debtors and the Committee, and their agents, accountants, business consultants, representatives, attorneys, and advisors, through their participation in the negotiation and preparation of the Plan and the Disclosure Statement and their efforts to confirm the Plan, have solicited acceptances and rejections of the Plan in good faith and participated in these Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code.

U.  Substantive Consolidation

This Plan provides for substantive consolidation of the Debtors' Estates in all respects, including for purposes of voting, confirmation, and making distributions to the holders of Allowed Claims under the Plan. On the Effective Date: (i) all guarantees by any Debtor of the payment, performance or collection by another Debtor with respect to Claims against such second Debtor, and all Claims based on such guarantees, shall be deemed eliminated, cancelled, released and of no further force and effect; (ii) any obligation of any Debtor and all guarantees by another Debtor with respect to Claims of the first Debtor shall be treated as a single obligation; (iii) each Claim against any Debtor shall be deemed to be against the consolidated Debtors and shall be deemed a single Claim against, and a single obligation of, the consolidated Debtors; (iv) all Inter-Company Claims shall be deemed eliminated as a result of the substantive consolidation of the Debtors, and therefore holders thereof shall not be entitled to vote on the Plan, or receive any Distributions or other allocations of value under the Plan; and (v) the Distribution Agent shall promptly move to close each of the Debtors' cases other than that of AGT Wind Down Acquisition LLC.

V.  Release, Indemnification, Injunction, and Exculpation

Each of the release, indemnification, and exculpation provisions contained in Article XIII of the Plan:

(a) falls within the jurisdiction of this Court under 28 U.S.C. §§ 1334(a), (b), and (d);

(b) is an essential means of implementing the Plan pursuant to Bankruptcy Code section 1123(a)(5);

(c) is important to the overall objectives of the Plan to finally resolve, except to the extent otherwise provided in the Plan, all claims among or against the parties in interest in the Chapter 11 Cases; and

(d) is consistent with Bankruptcy Code sections 105, 1123, 1129, and other applicable provisions of the Bankruptcy Code.

The failure to effect the discharge, release, injunction, indemnification, and exculpation provisions of the Plan would seriously impair the Debtors' and the Committee's ability to confirm the Plan.

W.   Conditions To Confirmation and Effective Date

Upon entry of this Order, any conditions precedent to confirmation of the Plan will be satisfied. The occurrence of the Effective Date is conditioned upon the satisfaction of each of the conditions precedent set forth in Section 13.01 of the Plan.

X.   Jurisdiction

This Court may properly retain jurisdiction over the matters set forth in Section 12.01 of the Plan.

Y.   Payments   The Debtors have paid, or shall pay as provided by the Plan, all amounts then due under 28 U.S.C. § 1930, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(12).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT,**

1.   Confirmation

The Plan, in the form attached hereto as Exhibit A, subject to the Modifications described in Section 24 hereof, is hereby confirmed, and all acceptances and rejections previously cast for or against the Plan are hereby deemed to constitute acceptances or rejections of the Plan as modified by this Order.

2.   Objections

Each objection to confirmation of the Plan that has not been withdrawn, waived, or settled is overruled. To the extent that pleadings filed by individuals or entities constitute objections to confirmation of the Plan and have not been withdrawn, waived, or settled, they are denied.

3.   Provisions of Plan and Order Nonseverable and Mutually Dependent

The provisions of this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

4.   Executory Contracts and Unexpired Leases

This Order constitutes approval of this Court that under Bankruptcy Code section 365 and Sections 9.01 and 9.02 of the Plan, on the Confirmation Date, all executory contracts and unexpired leases that exist between the Debtors and any Person shall be deemed rejected as of the Confirmation Date, except for (a) any executory contract or unexpired lease that has been assumed or rejected pursuant to an order of the Court entered prior to the Confirmation Date, and (b) any executory contract or unexpired lease as to which a motion for approval of the assumption of such contract or lease has been filed and served prior to the Confirmation Date. The Debtors' decision regarding the assumption or rejection of executory contracts and unexpired leases, as authorized by Bankruptcy Code section 1123(b)(2) and as provided for in

Article IX of the Plan, are reasonable exercises of sound business judgment and are in the best interests of the Debtors and their Estates.

5. Releases.

(a) Releases, Injunction and Exculpation. All, releases, injunctions, and exculpations provided under the Plan, including those described in Section 13.03 of the Plan, are fair, equitable, reasonable, and in the best interests of the Debtors, their Estates, and holders of Claims, and are hereby approved as an essential part of the Plan. Except as otherwise expressly provided in the Plan or in this Order, subject to the occurrence of the Effective Date, such releases, injunctions, and exculpations shall be, and they hereby are, effective and binding.

(b) Applications by Professionals. Notwithstanding anything to the contrary contained in the Plan, none of the releases provided therein or in this Order shall prejudice or otherwise affect the right of any party in interest to object to (i) any applications for compensation filed by Professionals or (ii) any request seeking compensation under Bankruptcy Code section 503.

(c) Preservation of Causes of Action; Defenses. Except as otherwise provided in the Plan, in accordance with Bankruptcy Code section 1123(b), the Distribution Agent shall retain and may enforce any Avoidance Action (whether or not such actions were commenced on or prior to the date hereof), or rights to payment of claims, that belong to or could have been raised by or on behalf of the Debtors or the Estates; and the Distribution Agent shall retain and may assert and enforce any and all defenses and counterclaims to all Claims asserted against the Debtors or the Estates, including, but not limited to, rights to setoff, recoupment or rights under Bankruptcy Code section 502(d).

(d) Satisfaction of Claims and Equity Interests. The treatment accorded to Claims and Equity Interests pursuant to the Plan shall be in full satisfaction, settlement, release of and in exchange for such Claims and Equity Interests.

6. Appointment of Distribution Agent; Transfers

The appointment of Marianne O'Toole as the Distribution Agent under the Plan is hereby approved. The terms and conditions of the Distribution Agent's employment are to be set forth in an agreement to be executed by the Committee and the Distribution Agent and shall be subject to the terms of the Plan and this Order in all respects. [ECF Doc. No. 705]

7. Dissolution of the Committee

On the Effective Date, the Committee shall be dissolved and the members thereof shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from and in connection with the Chapter 11 Cases, and the retention or employment of the Committee's attorneys, accountants and other agents shall terminate; provided, however, that immediately prior to the dissolution of the Committee, any and all analyses or work product prepared by and/or information obtained by the Committee or its attorneys, accountants and other agents related to the Avoidance Actions shall be transferred to the Distribution Agent and shall be deemed an asset of the Debtors for purposes of the Plan;

provided, further, however, the Committee shall continue to exist after such date solely with respect to all applications filed pursuant to Bankruptcy Code sections 330 and 331 seeking payment of fees and expenses incurred by any professional.

8. Resolution of Disputed Claims

Unless otherwise ordered by this Court after notice and a hearing, the Distribution Agent shall have the right to the exclusion of all others to make and file objections to Claims, and shall serve a copy of each objection upon the holder of the Claim to which the objection is made as soon as practicable. Objections to Claims shall be filed with the Court and served upon each affected creditor within ninety (90) days after the Effective Date; provided, however, that such deadline may be extended by the Court upon motion of the Distribution Agent. All objections shall be litigated to a Final Order except to the extent the Distribution Agent elects to withdraw any such objection or the Distribution Agent and the claimant elect to compromise, settle or otherwise resolve any such objection, in which event they may settle, compromise or otherwise resolve any Disputed Claim without approval of this Court.

9. General Authorizations

The Debtors and the Committee (prior to the Effective Date) and the Distribution Agent (on and after the Effective Date) are hereby authorized and empowered pursuant to Bankruptcy Code section 1142(b) to issue, execute, deliver, file and record any documents, Court papers and pleadings, and to take any and all actions that are necessary or desirable to implement, effectuate or consummate any and all of the transactions contemplated by the Plan, whether or not specifically referred to in the Plan or related documents, and without further application to this Court.

10. Exemption From Transfer Taxes

Pursuant to Bankruptcy Code section 1146(c), the assignment or surrender of any lease or sublease, or the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any deeds, bills of sale or assignments executed in connection with any disposition of assets contemplated by the Plan (including transfers of assets held by the Distribution Agent), shall not be subject to any stamp, real estate transfer, mortgage recording, sales, use or other similar tax.

11. Conflicts

To the extent this Order or the Plan is inconsistent with the Disclosure Statement, any other agreement entered into between the Debtors and any third party, (i) the Plan shall control the Disclosure Statement and any such agreements, and (ii) the Confirmation Order shall control the Plan.

12. Plan and Confirmation Order Binding

Pursuant to Bankruptcy Code section 1141, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly provided in the Plan or this Order, the provisions of the Plan and this Order shall be binding upon (a) the Debtors, (b) the

Distribution Agent, (c) all holders of Claims against or Equity Interests in the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders have accepted the Plan, (d) each Person or entity acquiring property under the Plan, (e) any other party in interest, (f) any Person or entity making an appearance in these Chapter 11 Cases, and (g) each of the respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians of any of the foregoing.

13. Supremacy of Confirmation Order

This Order shall supersede any orders of the Court issued in the Chapter 11 Cases prior to the Confirmation Date to the extent that those prior orders may be inconsistent with this Order.

14. Separate Orders

This Order shall be deemed to be a separate Order of this Court with respect to the Debtors for all purposes. The Clerk of the Court is directed to file and docket this Order in the Chapter 11 Cases.

15. Plan Provisions to Be Given Effect

The terms and provisions of the Plan are incorporated by reference into and are an integral part of this Order. Each term and provision of the Plan is valid, binding and enforceable as though fully set forth herein. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-several and mutually dependent. The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

16. Plan Classification Controlling

The classification of Claims for purposes of the distributions to be made under the Plan is governed solely by the terms of the Plan. The classifications set forth on the ballots tendered to or returned by the holders of Claims in connection with voting on the Plan (a) were set forth thereon solely for purposes of voting on the acceptance or rejection of the Plan, (b) do not necessarily represent and in no event shall be deemed to modify or otherwise affect the actual classification of such Claims under the terms of the Plan for distribution purposes, and (c) may not be relied upon by any creditor as actually representing the actual classification of such Claims under the terms of the Plan for distribution purposes.

17. Compromise of Controversies

Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution and other benefits provided under the Plan, the provisions of this Plan shall constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Plan. The entry of this Order shall constitute the Court's approval of each of the foregoing compromises or settlements and all other compromises and settlements provided for in the Plan, and the Court's findings shall constitute its determination that such compromises and settlements

are in the best interests of the Debtors, the Distribution Agent, the Estates, creditors, and other parties in interest, and are fair, equitable, and within the range of reasonableness.

18. The Record

The record of the Confirmation Hearing is closed. The findings of fact and conclusions of law of this Court set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, and the findings of fact and conclusions of the Court at the Confirmation Hearing are incorporated herein by reference.

19. Pre-Confirmation Date Professional Fees and Expenses

Except as otherwise provided by the Court and subject to the terms and conditions set forth in the Wind Down Stipulation and the Cash Collateral Order, each professional person or firm retained with approval by order of the Court or requesting compensation in these Chapter 11 Cases pursuant to Bankruptcy Code sections 330 or 503(b), other than professionals that the Debtors is authorized to pay in the ordinary course of business, shall be required to file an application for an allowance of final compensation and reimbursement of expenses in these Chapter 11 Cases incurred through the Confirmation Date on or before a date that is sixty (60) days after the Effective Date. Objections to any such application shall be filed on or before ten (10) days prior to a hearing on any such application. Prior to the Effective Date, the Debtors shall pay the fees of such professionals. After the Effective Date, the Distribution Agent shall pay the fees of such professionals.

20. Post-Confirmation Date Fees and Expenses.

(a) Fees and Expenses of Professionals After the Effective Date. After the Effective Date, the Distribution Agent shall, in the ordinary course of business and without the necessity for any approval by the Court, pay the reasonable fees and expenses, incurred after the Effective Date, of the professional persons employed by the Distribution Agent in connection with the implementation and consummation of the Plan, the Claims reconciliation process and any other matters as to which such professionals may be engaged. The fees and expenses of such professionals shall be paid within ten (10) Business Days after submission of a detailed invoice therefor. If the Distribution Agent disputes the reasonableness of any such invoice, the Distribution Agent shall timely pay the undisputed portion of such invoice, and the Distribution Agent or the affected professional may submit such dispute to the Court for a determination of the reasonableness of such portion of the disputed invoice.

(b) Fees and Expenses of Distribution Agent. The fees and expenses of the Distribution Agent shall be paid from the Debtors' Wind Down Account in respect of the Distribution Agent's costs and expenses related to the prosecution of objections to General Unsecured Claims and the Avoidance Actions, and in all other cases from the Debtors' Wind Down Account in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pursuant to the terms of the Plan.

21. <u>Retention of Jurisdiction</u>

This Court shall retain jurisdiction in accordance with the terms of Section 12.1 of the Plan, the other provisions of this Order, and Bankruptcy Code section 1142. Until the Chapter 11 Cases of one of the Debtors is closed, any party in interest may commence a proceeding in this Court in respect of any matter as to which jurisdiction has been retained with respect to such Debtors.

22. <u>Notice of Entry of Confirmation Order and the Occurrence of Effective Date</u>

In accordance with Bankruptcy Rules 2002(f) and 3020(c), the Debtors, no later than twenty (20) days after the Effective Date, shall give notice of the entry of the Confirmation Order and the occurrence of the Effective Date, in substantially the form of Exhibit B annexed hereto (the "<u>Effective Date Notice</u>"), which is hereby approved, by first class mail postage prepaid, by hand or by overnight courier service to all the entities, subject to the provisions in paragraph 28 below, that were sent the Solicitation Packages as set forth in Paragraph B of this Order. Mailing of the Notice of Confirmation in the time and manner set forth in this paragraph is adequate and satisfies the requirements of Bankruptcy Rules 2002(f) and 3020(c), and no further notice is necessary.

23. <u>Case Closure Objection</u>

This Confirmation Order shall constitute a final decree and Order closing each of the Chapter 11 cases except for the case of AGT Wind Down Acquisition LLC, Case No. 09-12889 (REG) (the "<u>Lead Case</u>") pursuant to Bankruptcy Code section 350(a) ; provided however, that if any party in interest files an objection to closure of Chapter 11 Cases (a "<u>Case Closure Objection</u>") and serves such objection on: (a) counsel to the Debtors, Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036, (Attn: Shmuel Vasser or Davin J. Hall); (b) counsel to the Official Committee of Unsecured Creditors, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman or Katina Brountzas); and (c) the United States Trustee for Region 2, Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Susan D. Golden)(the "<u>Notice Parties</u>"), together with proof of service thereof, so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the date that is seven (7) days after service of the Effective Date Notice (the "<u>Case Closure Objection Deadline</u>"), then the Committee shall schedule a hearing before this Court regarding such Case Closure Objection. If no Case Closure Objections are received prior to the Case Closure Objection Deadline, each Chapter 11 Case, except for the Lead Case, shall be deemed closed (such cases, the "<u>Closed Cases</u>"), as of the Effective Date.

All U.S. Trustee Fees due and owing for each Closed Case shall be paid on or before fourteen (14) days after the passage of the Case Closure Objection Deadline, if no Case Closure Objection is received with respect to such Closed Case. If a Case Closure Objection is received, all U.S. Trustee Fees due and owing for such the applicable Debtor shall be paid upon the entry of an order of this Court closing such Debtor's case, within the timeframe prescribed by such order

24. <u>Permitted Additional Plan Modifications</u>.

After the entry of the Confirmation Order, the Debtors, the Committee, or the Distribution Agent, as the case may be, may, upon order of the Court, amend or modify the Plan, in accordance with Bankruptcy Code section 1127(b) or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan. A holder of an Allowed Claim that is deemed to have accepted the Plan shall be deemed to have accepted the Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim of such holder.

25. <u>Returned Mail</u>

Notwithstanding anything to the contrary herein, no notice or service of any kind will be required to be mailed or made upon any person to whom the Debtors mailed a Solicitation Package, but received such mailing returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtors or the Committee has been informed in writing by such person of that person's new address.

26. <u>Authorization to Close</u>

This Court directs that Federal Rule of Bankruptcy Rule 3020(e) shall not apply to this Order and authorizes the Debtors to consummate the Plan immediately after entry of this Order.

Dated: New York, New York
      July <u>*15*</u>, 2010

                               <u>*S/ ROBERT E. GERBER*</u>
                               HONORABLE ROBERT E. GERBER
                               UNITED STATES BANKRUPTCY JUDGE